UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

M.A., on behalf of his minor children, H.R. and M.;
M.C, on behalf of her minor child, R.J.; W.D., on behalf
of his minor children, A. & J.; N.D., on behalf of her
minor children, L., M. & P.; J. and E. E. on behalf
of their minor children, A. & S.; J.J., on behalf of
her minor child, R.; L.V.G., on behalf of his four minor
children; P.J., on behalf of his minor child, A.,
D. and R. J., on behalf of their minor children, S. & O.;
K.K., on behalf of her minor children M. & G.; L.K., on
behalf of his minor child, L.; M.K. on behalf of his minor
child, A.; V.L., on behalf of her two minor children; V.M.
and A.M. on behalf of their minor child, I.; T. and M.M.,
n behalf of their minor children Y., N. & S.; K.M.M. and
W.M., on behalf of their minor children, S., K. and L.;
K.M., on behalf of her minor children, R. & A.; J.O., on
behalf of her minor child, T.; M.P., on behalf of his minor
children, Tr. and Te.; L.P., on behalf of her minor child, M.;
M.R., on behalf of her minor children R. & E.; J.R., on
behalf of her minor child, C. and T.T., on behalf of his
minor child, M., Y.T., on behalf of her minor child, Y.,

19 CV 02066

**COMPLAINT**

Plaintiffs,

against

ROCKLAND COUNTY DEPARTMENT OF HEALTH & DR.
PATRICIA SCHNABEL RUPPERT, COMMISSIONER, sued
in her official and individual capacities,

Defendants.
------------------------------------------------------------------------x

1. Plaintiffs are parents of children who have been excluded from their school by reason of a series of shifting orders promulgated by the defendants, Rockland County Department of Health, by and through its Commissioner, defendant Ruppert. Plaintiffs seek injunctive relief and compensatory damages against defendants for the violation of their constitutional rights.

1

I. **PARTIES**

2. Each plaintiff - M.A., on behalf of his minor children, H.R. and M.; M.C, on behalf of her minor child, R.J.; W.D., on behalf of his minor children, A. & J.; N.D., on behalf of her minor children, L., M. & P.; J. and E. E. on behalf of their minor children, A. & S.; J.J., on behalf of her minor child, R.; L.V.G., on behalf of his four minor children; P.J., on behalf of his minor child, A., D. and R. J., on behalf of their minor children, S. & O.; K.K., on behalf of her minor children M. & G.; L.K., on behalf of his minor child, L.; M.K. on behalf of his minor child, A.; V.L., on behalf of her two minor children; V.M. and A.M. on behalf of their minor child, L.; T. and M.M., on behalf of their minor children Y.,N. & S.; K.M.M. and W.M., on behalf of their minor children, S., K. and L.; K.M., on behalf of her minor children; J.O., on behalf of her minor child, T.; M.P.,on behalf of his minor children, Tr. and Te.; L.P., on behalf of her minor child, M.; M.R., on behalf of her minor children R. & E.; J.R., on behalf of her minor child, C. and T.T., on behalf of his minor child, M. and Y.T., on behalf of her minor child, Y. - resides in the County of Rockland or enrolled his/her/their child in the Green Meadow Waldorf School or its Otto Specht sister school [serving students with special needs] [collectively referred to hereinafter as "GMWS"] which is located in the County of Rockland, within this judicial district.

3. Defendants are the County of Rockland and its Commissioner of Health, Patricia Schnabel Ruppert, DO. The defendants are situated within this judicial district.

## II. **JURISDICTION**

4. As the challenged order violates plaintiffs' federal constitutional rights and is arbitrary, capricious and contrary to state law, this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 1331, 1343 (3) & (4) and 1367 and 42 U.S.C. sections 1983 and 1988.

## III. **STATEMENT OF FACTS**

5. During the 2018-19 school year, plaintiffs' minor children attended GMWS in Chestnut Ridge, New York.

6. GMWS offers and implements an entirely unique pedagogy premised on the teachings of Rudolph Steiner.

7. During the 2018-19 school year, GMWS educated approximately 300 children in grades nursery-12 at a single campus in Chestnut Ridge, New York within this judicial district.

8. Waldorf schools exist throughout the world and the United States.

9. Amongst the distinct features of the schools are their small class sizes, the assignment of a single main lesson teacher to a class between first and eighth grades, the offering of a very broad curriculum which includes substantial emphasis on the development of the whole child, as opposed to an emphasis on rote learning verified by standardized testing.

10. Plaintiffs chose to enroll their children in GMWS because of its distinct and unique educational philosophy and pedagogy and its respect for their deeply held religious beliefs, including, their religiously-based opposition

3

to vaccination for reasons set forth in the accompanying Affidavits of each plaintiff.

11. Pursuant to the laws and regulations established by the State of New York, each plaintiff applied for, and received, religiously-based exemptions from vaccinations from GMWS.

12. Plaintiffs' religious exemptions were effective during the 2018-19 school year and allowed plaintiffs' minor children to attend school without vaccinations, including the MMR vaccination.

13. At the commencement of the 2018-19 school year, approximately half of the students attending GMWS were not vaccinated for measles.

14. During the months of September and October 2018, no measles case was reported at the school or in the Threefold Community which surrounds it.

15. On October 18, 2018, after the reporting of several cases of measles in Rockland County, defendants issued an order requiring unvaccinated students to be excluded from any school in which a case of measles had been reported. See Exhibit 1 to Satriano Affidavit.

16. The reported cases of measles were largely isolated to the Hasidic population which lives in self-segregated areas in Rockland County, specifically New Square and areas of Monsey/Spring Valley.

17. Defendants supported this exclusion order by reference to Title 10, section 66-2.6 which authorizes exclusion of non-vaccinated students from, and only from, an institution which experiences an outbreak of measles.

18. As no case of measles had been reported by that date, GMWS was not within the reach or scope of this initial exclusion order and plaintiffs' children continued to attend school.

19. At no time since October 18, 2018 has there been any reported case of measles amongst students attending the GMWS or enrolled in GMWS.

20. On October 22, 2018, the New York State Department of Health sent the GMWS a letter which reaffirmed, in relevant part, the defendants' directive: "For schools that **DO NOT** have positive measles case, the schools should **NOT** exclude students who are unvaccinated [i.e., those that have a valid religious or medical exemption]." [emphases in original]. See Exhibit 2 to Satriano Affidavit.

21. The State Department of Health further directed schools which reported at least one case of measles to exclude unvaccinated students for 21 days "after the last date of exposure". Id.

22. This language mirrored the substance of the County's October 18, 2018 exclusion order.

23. Between October 18 and December 3, 2018, there was no reported case of measles amongst the students or families of students attending GMWS or within the broader Threefold Community which is proximate to the school.

24. Plaintiffs' children continued in attendance at GMWS between October 18 and December 7, 2018 and none contracted measles.

25. Regardless of this fact and the language of the operative regulation, on December 3, 2018, defendants extended the exclusion order to GMWS on the ground that the school is located "near a confirmed case within the community and ha[s] a low overall vaccination rate, which is an indicator that there is a large number of students/children at risk for contracting measles." See Exhibit 3 to Satriano Affidavit.

26. The same letter states, "In an effort to minimize exclusions, while simultaneously controlling the outbreak, exclusions in this category are being made in schools and day cares with the lowest vaccination rates. Schools and day cares that are currently subject to exclusion requirements in this category will remain subject to such requirements for 21 days from the date your school or day care exclusions were required to be begin [sic]." Id.

27. The same letter commanded GMWS to exclude unvaccinated children "until 21 days after the last case of measles is identified with in your school...or in close geographic proximity to your school..." Id.

28. Upon inquiry by GMWS staff, defendants defined "close proximity" as within the same zip code, an area exceeding 11 square miles.

6

29. In short, students were to be excluded from GMWS even though there was no reported case of measles in the school or the broader Waldorf community and even though the referenced zip code encompassed a very large area, inclusive, 11 square miles, and included of insular populations [with some incidence of measles] with which students attending GMWS had, and were likely to have, no contact.

30. Further, other than excluding children from school, defendants made no effort to limit or restrict the movement of those with or likely directly exposed to measles.

31. Defendants imposed no travel restriction or quarantine directed towards those with measles or those living with them.

32. On or about December 3, 2018, defendants' agents advised GMWS that, if the school attained an immunization rate of 80%, they would vacate the exclusion order and allow it to re-admit all students.

33. Defendant's agents never put this in writing, but repeated it during several conversations with Maureen Satriano, R.N., GMWS's nurse.

34. On December 7, 2018, the GMWS complied with the defendant's edict and excluded all non-vaccinated children from its pre-k-12 school.

35. On behalf of the GMWS, on December 10, 2018, Eric Silber, the Executive Director of the Threefold Community which operates the school,

propounded numerous questions to defendants. See Exhibit 4 to Satriano Affidavit.

36. Defendants never responded to these inquiries.

37. On December 21, 2018, weeks after the exclusion order was initially applied to the GMWS, defendant Ruppert altered that order, advising GMWS that, "the School Exclusion order will be lifted when your school reaches an immunization rate for MMR vaccine of 95%." See Exhibit 5 to Satriano Affidavit.

38. In the same letter, defendant Ruppert wrote, "I appreciate your continued cooperation as I remain committed to raise immunization rates in Rockland County." Id.

39. An immunization rate of 95% is wholly incompatible with the number of families attending GMWS with *bona fide* religious exemptions to immunization and, its implementation effectively excluded large numbers of children from continuing with their educations at GMWS regardless of the fact that the school's enrollees had experienced not a single instance of measles during the 2018-19 school year.

40. In light of the dearth of other proximate Waldorf schools, such an exclusion order effectively and substantially limited the educational choices available for plaintiffs committed to educating their children at a Waldorf school.

41. Following the December 21, 2018 letter, cases of measles continued to be reported within isolated areas of the GMWS's zip code.

42. No case was reported amongst a GMWS enrollee or employee.

43. On February 7, 2019, defendants advised GMWS that it could not re-admit excluded, non-vaccinated students until 42 days after the last reported case of measles in the county.

44. With this edict, defendants abandoned the "zip code" as a frame of reference and substantially extended the exclusion order.

45. By dint of this latest order and the fact that as late as February 25, 2019, a new case of measles was reported within Rockland County, without court intervention, plaintiffs' children shall remain excluded through at least April 8, 2019 and perhaps longer depending on factors totally outside of their control.

46. Assuming the efficacy of the MMR vaccination, excluding non-vaccinated children from GMWS is not necessary to protect vaccinated classmates.

47. Each plaintiff has agreed to accept the "risk" of their child contracting measles through school attendance at a school which has no reported case of measles.

48. Defendants never quarantined those who have been exposed to measles or have measles and such persons may walk on streets, attend movies,

9

go to supermarkets or otherwise have contact with the general population, allowing the transmission of the disease.

49. Defendants' express motivation is to exert their power and control over those who have chosen not to vaccinate and to increase vaccination rates in Rockland County, eviscerating the religious exemption guaranteed by state law for those like plaintiffs who have demonstrated sincerely held religious beliefs and obtained religious exemptions from vaccination.

50. Without any form of due process, defendants' orders summarily excluded from GMWS numerous children whose parents, plaintiffs herein and otherws similarly-situated, who had sought and attained from the school a *bona fide* religiously-based exemption from the use of vaccinations.

51. The exclusion order has caused and continues to cause irreparable harm to plaintiffs, their children and others similarly-situated persons, including, in the following ways: [a] plaintiffs' children's education and social relationships have been substantially disrupted; [b] plaintiffs' intimate, constitutionally protected life choices, including the right to exercise their *bona fide* religious beliefs and their right to choose a private school which reflects their values and beliefs, have been trammeled; [c] the patterns of daily life which plaintiffs chose and implemented, including their work and child care schedules, have been substantially disrupted, often with significant psychological and financial costs and [d] plaintiffs have been left with substantial uncertainty due to the shifting nature of defendants' edicts and

when, if ever, they shall be permitted to return their children to the school of their choice.

52. The perpetuation of each of these negative effects has caused, and continues to cause, irreparable harm for plaintiffs in that their children are excluded from school with no viable alternative and the consequent personal injuries are not susceptible to pecuniary valuation or recompense. Nor can money alone compensate plaintiffs for the days, weeks and months their children have been deprived of a Waldorf education.

53. The exclusion order is overbroad in that it exceeds the regulatory authority reposed in defendants.

54. The exclusion order is irrational in that the use of the "zip code" as a proxy for an area of contagion had no medical or scientific basis and works an overbroad imposition upon plaintiffs and their children and the current use of the county as a reference is even less supportable and more irrational.

55. That the exclusion order is irrational is best demonstrated by its deviation from prior orders: a 42-day exclusion is twice that defendants initially implemented and lacks scientific or medical justification.

## AS AND FOR A FIRST CAUSE OF ACTION

56. Plaintiffs incorporate paras. 1-55, as if fully restated herein.

57. The existing exclusion order unconstitutionally compels plaintiffs to either forego their sincerely-held religious beliefs or lose their constitutional

right to place their children in a private school which reflects their values and parental beliefs as to the appropriate education for their children and in so doing violates the Fourteenth Amendment make actionable by and through 42 U.S.C. section 1983.

### AS FOR A SECOND CAUSE OF ACTION

58. Plaintiffs incorporate paras. 1-57, as if fully restated herein.

59. Defendant's exclusion order violates plaintiffs' right to due process as it summarily extinguished their state-law based religious exemption, a valuable property right created by state law, without affording any exception or any process by which plaintiffs could re-establish the vitality of that exemption.

### AS AND FOR A THIRD CAUSE OF ACTION

60. Plaintiffs incorporate paras. 1-59, as if fully restated herein.

63. Defendants' latest and now operative exclusion order is arbitrary, capricious and contrary to law and exceeds the authority of defendants to impose and is without medical or scientific basis.

### v. **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray that this Honorable Court accept jurisdiction over this matter, including the state cause of action; issue a temporary restraining order against defendants staying the force and effect of their exclusion order and permitting GMWS to re-admit their children without adverse legal consequence to them or to GMWS; issue a preliminary injunction

further staying the force and effect of defendants' exclusion order and permitting GMWS to re-admit their children without adverse legal consequence to them or to GMWS; permanently enjoin the defendants from issuing exclusion orders exceeding their legal authority and without medical/scientific bases, award to plaintiff compensatory damages for the injuries defendants have caused them and their children and providing other and further relief as it deems to serve the interests of law and equity, including attorneys' fees and costs to plaintiffs.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & ASSOCIATES
PO BOX 1005
GOSHEN, NEW YORK 10924
(845)-294-3991
Counsel for Plaintiffs