UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

W.D., on behalf of his minor children, A. & J.;
J. and E. E. on behalf of their minor children,
A. & S.; J.E. on behalf of his minor daughter,
J.H.; J.J., on behalf of her minor child, R.;
L.V.G., on behalf of his four minor children;
P.J. and M.O., on behalf of his minor child, A.,
D. and R. J., on behalf of their minor children,
S. & O.; K.K., on behalf of her minor children
M. & G.; L.K., on behalf of his minor child, L.;
M.K. on behalf of his minor child, A.; V.L., on
behalf of her two minor children; V.M. and A.M.
on behalf of their minor child, I.; T. and M.M.,
on behalf of their minor children Y., N. & S.;
K.M., on behalf of her minor children, R. & A.;
J.O., on behalf of her minor child, T.; M.P.,
on behalf of his minor children, Tr. and Te.;
L.P., on behalf of her minor child, M.; M.R., on
behalf of her minor children R. & E.; J.R., on
behalf of her minor child, C. and T.T., on behalf of his
minor child, M., Y.T., on behalf of her minor child, Y.,

19 cv 2066 (VB)

**AMENDED COMPLAINT**

Plaintiffs,

against

ROCKLAND COUNTY, DR. PATRICIA SCHNABLE
RUPPERT, COMMISSIONER, ROCKLAND COUNTY
DEPARTMENT OF HEALTH, and ED DAY, COUNTY
EXECUTIVE, COUNTY OF ROCKLAND, both sued in
their individual and official capacities,

Defendants.
------------------------------------------------------------------------x

    1. Plaintiffs are parents of children who were excluded from their school

and, ultimately, other places of public assembly by reason of a series of shifting

orders promulgated by the defendants, Rockland County Department of

Health, by and through its Commissioner, defendant Ruppert.  Plaintiffs seek

injunctive relief and compensatory damages against defendants for the
violation of their civil and constitutional rights.

I. **PARTIES**

2.  Each plaintiff - W.D., on behalf of his minor children, A. & J.; J. and E. E.
on behalf of their minor children, A. & S.; J.E. on behalf of his minor daughter,
J.H.; J.J., on behalf of her minor child, R.; L.V.G., on behalf of his four minor
children; P.J., on behalf of his minor child, A., D. and R. J., on behalf of their
minor children, S. & O.; K.K., on behalf of her minor children M. & G.; L.K., on
behalf of his minor child, L.; M.K. on behalf of his minor child, A.; V.L., on
behalf of her two minor children; V.M. and A.M. on behalf of their minor child,
L.; T. and M.M., on behalf of their minor children Y.,N. & S.; K.M., on behalf of
her minor children; J.O., on behalf of her minor child, T.; M.P., on behalf of his
minor children, Tr. and Te.; L.P., on behalf of her minor child, M.; M.R., on
behalf of her minor children R. & E.; J.R., on behalf of her minor child, C. and
T.T., on behalf of his minor child, M. and Y.T., on behalf of her minor child, Y. -
resides in the County of Rockland and/or enrolled his/her/their child[ren] in
the Green Meadow Waldorf School or the Otto Specht  School [which is also
part of the Threefold Community in Chestnut Ridge, New York and serve
students with special needs] [collectively referred to hereinafter as "GMWS"]
which is located in the County of Rockland, within this judicial district.

3.   Defendants are the County of Rockland, its County Executive, Ed Day, and its Commissioner of Health, Patricia Schnabel Ruppert, D.O. The defendants reside and work in this judicial district.

## II. **JURISDICTION**

4.   As the challenged order violates plaintiffs' federal constitutional rights, this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 1331, 1343 (3) & (4) and 1367 and 42 U.S.C. sections 1983 and 1988.

## III. **STATEMENT OF FACTS**

5.   During the 2018-19 school year, plaintiffs' minor children attended GMWS in Chestnut Ridge, New York, a private, non-sectarian school in Chestnut Ridge, New York.

6.   GMWS offers and implements an entirely unique pedagogy premised on the teachings of Rudolf Steiner.

7.   During the 2018-19 school year, GMWS educated approximately 300 children at a single campus within this judicial district.

8.   Waldorf schools exist throughout the world and in the United States.

9.   Amongst the distinctive features of such schools are their small class sizes, the assignment of a single main lesson teacher to a class between first and eighth grades and a  very broad curriculum which includes substantial emphasis on the development of the whole child, as opposed to an emphasis on rote learning verified by standardized testing.

3

10.   Plaintiffs chose to enroll their children in GMWS because of its distinct and unique educational philosophy and pedagogy and its respect for their deeply held religious beliefs, including, their religiously-based opposition to vaccination for reasons set forth in the Affidavits which accompanied the Complaint.

11.   The State of New York is one of more than 45 states which recognizes religious exemptions from childhood immunizations.

12.   Parents or guardians with *bona fide* and sincerely-held religious beliefs may seek such an exemption from their school district or, in the case of a private school, that school's administration allowing their children to attend school without vaccinations.  Likewise, parents/guardians may seek medical exemptions if a doctor certifies that the vaccination may of shall imperil his/her health.

13.   Pursuant to the laws and regulations established by the State of New York governing the grant of religious exemptions, each plaintiff applied for, and received, religiously-based exemptions from vaccinations for his/her child/ren from GMWS.

14.   Plaintiffs each obtained religious exemptions for their children for the 2018-19 school year and this status allowed plaintiffs' minor children to attend school without vaccinations, including the MMR vaccination, which is the only available vaccination covering measles.

4

15. At the commencement of the 2018-19 school year, approximately half of the students attending GMWS were not vaccinated for measles and the substantial majority of these children were covered by religious exemptions the school had duly issued to their parents.

16. In September and October 2018, no measles case was reported at the GMWS school or in the Threefold Community which surrounds it.

17. On October 18, 2018, after learning of several cases of measles elsewhere in Rockland County, defendants Ruppert and Day issued an order requiring unvaccinated students to be excluded from any school in which a case of measles had been reported; this order covered children attending school with religious or medical exemptions.

18. This order was predicated on state regulations which authorized the defendants to so act.

19. The reported cases of measles were largely isolated to the Hasidic population which lives in self-segregated areas of Rockland County, specifically New Square and areas of Monsey/Spring Valley, or to those who worked in the homes of Hasidic families.

20. Defendants supported this first exclusion order by reference to NYCRR Title 10, section 66-2.6 which authorizes the exclusion of non-vaccinated students from, and only from, a school which experiences an outbreak of measles.

5

21.  As no case of measles had been reported by that date in its school, GMWS was not within the reach or scope of this initial exclusion order and plaintiffs' children continued to attend school at GMWS.

22.  At no time since October 18, 2018 has there been a single reported case of measles amongst students attending the GMWS or enrolled in GMWS.

23.  On October 22, 2018, the New York State Department of Health sent GMWS a letter which reaffirmed, in relevant part, defendants' directive: "For schools that **DO NOT** have a positive measles case, the schools should **NOT** exclude students who are unvaccinated [i.e., those that have a valid religious or medical exemption]." [emphases in original].

24.  The New York State Department of Health further directed schools which reported at least one case of measles to exclude unvaccinated students for 21 days "after the last date of exposure". Id.

25.  This language mirrored the substance of the County's October 18, 2018 exclusion order.

26.  Between October 18 and December 3, 2018, there was no reported case of measles amongst the students or families of students attending GMWS or within the broader Threefold Community which is proximate to the school.

27.  Between October 18 and December 3, 2018, defendants did not issue any directive or order quarantining or isolating persons infected with measles or those who had direct contact with those so infected.

28.  Between October 18 and December 7, 2018, plaintiffs' children continued to attend GMWS and none contracted measles.

29.  Regardless of this fact and the above-cited language of operative state regulations, on December 3, 2018, defendants extended the exclusion of any unvaccinated child to GMWS on the ground that the school is located "near a confirmed case within the community and ha[s] a low overall vaccination rate, which is an indicator that there is a large number of students/children at risk for contracting measles."

30.  The same letter states, "In an effort to minimize exclusions, while simultaneously controlling the outbreak, exclusions in this category are being made in schools and day cares with the lowest vaccination rates.  Schools and day cares that are currently subject to exclusion requirements in this category will remain subject to such requirements for 21 days from the date your school or day care exclusions were required to be begin [sic]." Id.

31.  The same letter commanded GMWS to exclude unvaccinated children "until 21 days after the last case of measles is identified with in your school...or in close geographic proximity to your school..." Id.

32.  Said letter did not define "close geographic proximity".

33.  Upon inquiry by GMWS staff, defendants defined "close proximity" as within the same zip code as a case of measles, an area exceeding 11 square miles.

7

34.  Defendants excluded unvaccinated students from GMWS even though each excluded child had an exemption from immunization granted pursuant to state law, there had been no reported case of measles in the school or the broader Threefold community and the referenced zip code encompassed a very large area, inclusive, 11 square miles, and included insular populations [with some instances of measles] with whom students attending GMWS had, and were likely to have, no contact and, certainly, no contact while at GMWS which enrolls no students from the Hasidic community.

35.  Further, between December 7, 2018 and April 12, 2019, defendants made no effort to limit or restrict the movement of those with, or likely to have been directly exposed to, measles.

36.  The force and effect of defendants' December 3, 2018 order was to invalidate plaintiffs' religious exemptions in a manner neither contemplated nor permitted by state law and to deprive plaintiffs' children of the right to attend school which their parents had obtained for them by and through compliance with the state-created process allowing its attainment.

37.  On or about December 3, 2018, defendants' agents advised GMWS that, if the school attained an immunization rate of 80%, they would vacate the exclusion order and allow it to re-admit all students.

38.  Defendants' agents never put this in writing, but repeated it during several conversations with Maureen Satriano, R.N., GMWS's nurse.

39. Effective December 7, 2018, the GMWS complied with the defendant's edict and excluded all non-vaccinated children from its pre-k-12 schools.

40. On December 21, 2018, more than two weeks after the exclusion order was initially applied to the GMWS, defendant Ruppert altered that order, advising GMWS that, "the School Exclusion order will be lifted when your school reaches an immunization rate for MMR vaccine of 95%."

41. No state law or regulation established 95% as an immunization rate which any public or private school in the state was required to meet as a condition to recognizing religious or medical exemptions to vaccinations both of which state law expressly permit.

42. An immunization rate of 95% is wholly incompatible with the number of families attending GMWS with *bona fide* religious exemptions to immunization and, its implementation effectively excluded large numbers of children from continuing with their educations at GMWS regardless of the fact that the school's enrollees had not experienced a single instance of measles during the 2018-19 school year and defendants lacked authority to exclude children from school absent a reported case of measles within that school.

43. In light of the dearth of other proximate Waldorf schools, the December 7 exclusion order and succeeding iterations of the same order effectively and substantially limited the educational choices available for plaintiffs committed to educating their children at a Waldorf school.

44.  Following the December 21, 2018 letter, cases of measles continued to be reported within isolated areas of the GMWS's zip code.

45.  No case was reported amongst a GMWS enrollee or employee.

46. On February 7, 2019 defendants advised GMWS nurse Satriano that the school could not re-admit excluded, non-vaccinated students until 42 days after the last reported case of measles in the County of Rockland.  Its agents repeated this oral directive in a subsequent phone call.

47. Thereafter, through their counsel, defendants claimed never to have issued any such order.

48.  On February 7, 2019, defendants' agents also advised Satriano that they were abandoning the "zip code" as a frame of reference and extended the exclusion order so long as any case of measles existed in Rockland County.

49.  However, defendants also abandoned this directive, claiming in mid-March 2019, that they continued to exclude based on cases arising within two zip codes, not county-wide.

50.  On or about March 25, 2019, defendant Day issued an Emergency Declaration and an attendant local emergency order barring plaintiffs' unvaccinated children from all "public places" within the County of Rockland.

51.  Defendant Day issued this Emergency Declaration under the authority of New York State Executive Law section 24.

52.   That Executive Law authorizes local emergency orders of up to five days in duration to deal with public emergencies like rioting, catastrophes or epidemics.

53.   Defendant Day's local emergency order purported to apply for a period of thirty days, well in excess of that permitted for such an order by Executive Law section 24.

54.   Defendant Day's emergency declaration was not triggered by a catastrophe, rioting, an epidemic or any similar warrant.

55.   Defendant Day's emergency order explicitly excepted from its reach and scope students unvaccinated for medical reasons and anyone over the age of 18.

56.   Unvaccinated persons in these latter groups were permitted in public places and not covered by the Day local emergency order.

57.   On April 5, 2019, the Supreme Court for the County of Rockland temporarily enjoined defendant Day's emergency declaration and his local order which restricted the school attendance of plaintiffs' children or their appearance in any other public place, such as a synagogue, mosque or church or a shopping area.

58. During the week of April 15, the Appellate Division for the Second Department twice rejected defendants' efforts to vacate the TRO issued by Supreme Court, Rockland County.

59.  Since April 8 and on account of the TRO entered by state Supreme Court, petitioners' children have been permitted to resume attendance at the GMWS.

60.  On or about April 16, 2019, defendants Day and Ruppert issued two new orders.

61.  The first order restricted persons with measles from public places.

62.  The second order excluded from school attendance in Rockland County unvaccinated children who do not have religious or medical exemptions.

63.  In neither the April 5 emergency declaration or order or those issued on April 16, 2019 did defendants incorporate by reference or otherwise refer to defendant Ruppert's December 3 order which purported to exclude from GMWS students who had religious exemptions issued pursuant to state law until that school reached a 95% immunization rate.

64.  However, on May 3, 2019, defendants' attorney claimed in open court that the December 3, 2019 order remained in force and effect and that defendants again should be permitted to use that directive to exclude petitioners' unvaccinated children from GMWS.

65.  To date, the State Supreme Court has not altered its TRO and petitioners' children continue to attend GMWS.

66. Assuming the efficacy of the MMR vaccination, excluding non-vaccinated children from GMWS is not necessary to protect vaccinated classmates.

67. Each plaintiff has agreed to accept the "risk" of their child contracting measles through school attendance at a school which has no reported case of measles.

68. In their local emergency orders issued on April 5, 2019, defendants barred from public places only unvaccinated children under the age of 18 with religious exemptions.

69. In the same order, defendants did not bar unvaccinated adults or even adults with measles from public places.

70. Coincident with his issuance of the now enjoined April 5 emergency declaration, defendant Day has campaigned extensively against New York State's recognition of a religious exemption for vaccinations.

71. Coincident with his issuance of the now enjoined April 5 emergency declaration, defendant Day attacked parents who have exercised New York's religious exemption to vaccination, legislators who support such exemptions and the State Supreme Court Justice who struck Day's emergency declaration and patently illegal local emergency order.

. 72. Defendants' express motivation is to exert their power and control over those who have received state-sanctioned religious exemptions and to

deny them the right to have their children attend school regardless of the fact that there has been no measles outbreak in their schools.

73.  The force and effect of defendants' several orders, whether promulgated on December 7, December 21, in February 2019, in March and April 2019 is to eviscerate permitted religious exemptions and to deprive children benefitting from such exemptions the right to attend school in the State of New York.

74.  By and through the policies they have adopted and attempted to enforce, defendants sought to extinguish the religious exemption guaranteed by state law for those like plaintiffs who have demonstrated sincerely held religious beliefs and obtained religious exemptions from vaccination.

75.  Without any authority in law or any due process of law, defendants' orders summarily excluded from GMWS numerous children whose parents, plaintiffs herein and others similarly situated, had sought and attained from the school a *bona fide* religiously based exemption from the use of vaccinations.

76.  The various referenced exclusion orders  caused  substantial damage to plaintiffs, their children and others similarly-situated persons, including, in the following ways: [a] plaintiffs' children's education and social relationships were substantially disrupted; [b] plaintiffs' intimate, constitutionally protected life choices, including the state-created right to exercise their *bona fide* religious beliefs and their right to choose a private

14

school which reflects their values and beliefs, were trammeled; [c] the patterns of daily life which plaintiffs chose and implemented, including their work and child care schedules, were substantially disrupted, often with significant psychological and financial costs and [d] plaintiffs were caused substantial uncertainty due to the shifting nature of defendants' edicts and when, if ever, they would be permitted to return their children to the school of their choice.

77.   Each of these negative effects caused substantial hardship and stress for each plaintiff in that his/her child[ren] was/were excluded from school with no viable alternative.

78.  The exclusion orders challenged herein were each *ultra vires* and their entry exceeded the authority reposed in defendants.

## AS AND FOR A FIRST CAUSE OF ACTION – VIOLATION OF PROCEDURAL DUE PROCESS

79.  Plaintiffs incorporate paras. 1-78, as if fully restated herein.

80. Without due process of law, defendants' *ultra vires* exclusion orders unconstitutionally trammeled plaintiffs' state-create right to send their children to school without vaccinations and instead contrary to the provisions of state law, summarily barred plaintiffs' children from school in violation of the due process clause of the Fourteenth Amendment as made actionable by and through 42 U.S.C. section 1983.

## AS FOR SECOND AND THIRD CAUSES OF ACTION

81.  Plaintiffs incorporate paras. 1-80, as if fully restated herein.

82.  Contrary to the laws of the State of New York, defendants' local emergency order dated March 25, 2019 intentionally targeted persons with sincerely-held religious beliefs and barred their unvaccinated children under the age of eighteen from school attendance and other forms of public assembly while allowing those over the age of 18 who had never been vaccinated and those under 18 with medical exemptions to continue attending the same schools and to engage in activities requiring public assembly.

83.  Said county policy violates the First and Fourteenth Amendments because it targeted those holding sincere religious beliefs while excluding from the reach of the same orders causing school exclusion those with medical reasons for not vaccinating their children and those unvaccinated persons over the age of 18, including those who had had contact with persons who had contracted measles.

84.  Said policy violates the First Amendment to the United States Constitution by substantially burdening those with *bona fide* religious grounds not to immunize their children while allowing those without such deeply held religious beliefs to continue to send their unvaccinated children to school and those over the age of 18 to escape coverage of the order altogether.

85.  In so burdening those with a sincerely held religious belief, defendants have not established that any compelling reason justifies the derogation of those beliefs.

86.  Said county policy intentionally further treated differently those who posed the same alleged threat to public health, that is, those not immunized due to religious beliefs and those not immunized for some form of medical reason and those over the age of 18 who are not immunized, in violation of the equal protection clause of the Fourteenth Amendment.

**AS AND FOR A FOURTH CAUSE OF ACTION**

87.  Plaintiffs incorporate by reference paras. 1-86.

88.  By restricting their right to publicly assemble without legal authority or any compelling reason, defendants Day and the County violated plaintiffs' rights as guaranteed by the First Amendment and made actionable by 42 U.S.C. section 1983.

v. **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray that this Honorable Court accepts jurisdiction over this matter, permanently enjoins defendants from exceeding their authority in responding to outbreaks of contagious diseases within the County of Rockland, awards to plaintiff compensatory damages for the injuries defendants have caused them and their children and enters any other and further relief as it deems to serve the interests of law and equity, including attorneys' fees and costs to plaintiffs.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

17

SUSSMAN & ASSOCIATES
PO BOX 1005
GOSHEN, NEW YORK 10924
(845)-294-3991
Counsel for Plaintiffs

Dated: May 13, 2019