UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
W.D., on behalf of his minor children, A. & J.; J.J., on behalf of her minor child, R.; L.V.G., on behalf of his four minor children; P.J. and M.O., on behalf of his minor child, A., D. and R.J., on behalf of their minor children, S. & O.; K.K., on behalf of her minor children M. & G.; L.K., on behalf of his minor child, L.; M.K. on behalf of his minor child, A.; V.L., on behalf of her two minor children; T. and M.M., on behalf of their minor children Y., N. & S.; K.M., on behalf of her minor children, R. & A.; J.O., on behalf of her minor child, T.; M.P., on behalf of his minor children, Tr., and Te.; L.P., on behalf of her minor child, M.; M.R., on behalf of her minor children R. & E.; J.R., on behalf of her minor child, C. and T.T., on behalf of his minor child, M.; Y.T., on behalf of her minor child, Y.,

         Plaintiffs,

     -against-

ROCKLAND COUNTY, DR. PATRICIA SCHNABLE RUPPERT, COMMISSIONER, ROCKLAND COUNTY DEPARTMENT OF HEALTH, and ED DAY, COUNTY EXECUTIVE, COUNTY OF ROCKLAND, both sued in their individual and official capacities,

         Defendants.
-------------------------------------------------------------------X

Docket No.
19-cv-2066-JCM

**STIPULATION AND ORDER OF PROTECTION FOR CONFIDENTIAL AND PRIVILEGED MATERIAL**

Pursuant to Fed. R. Civ. P. 26(c), it is hereby stipulated and agreed, by and between the parties, through their respective counsel, as follows:

**WHEREAS**, on March 6, 2019, a number of plaintiffs commenced this action (the "Action") (ECF Doc. No. 1); and

**WHEREAS**, on May 15, 2019, the above-captioned plaintiffs ("Plaintiffs") filed an Amended Complaint in the Action (ECF Doc. No. 35); and

**WHEREAS**, the Parties have sought and may in the future seek discovery in the Action that requires disclosure of documents and information; and

**WHEREAS**, the Parties wish to produce and use Confidential Information for purposes of the Action;

**IT IS HEREBY ORDERED** that Confidential Information provided in Disclosure or Discovery Material in the Action as defined below shall be Confidential Information for Counsel and Expert Eyes Only, governed by the following conditions:

1. DEFINITIONS

    1.1. Acknowledgment and Agreement to Be Bound: document attached hereto as Exhibit A, which must be signed by anyone other than Counsel who views Confidential Information.

    1.2. Confidential Information: information contained in Disclosure or Discovery Material in the Action relating to the investigation of potential or confirmed measles cases by the Department of Health of the County of Rockland, or any of its officers, directors, employees or agents. Discovery Material containing Confidential Information shall be marked as "CONFIDENTIAL" by the Producing Party in accordance with paragraph 4.1 below.

    1.3. Counsel: Counsel representing the Parties, including employees of Counsel or Counsel's office, and Professional Vendors retained by Counsel who are directly involved in preparation or litigation of the Action.

    1.4. Counsel and Expert Eyes Only: all Protected Material containing Confidential Information may only be viewed by Counsel and Experts as defined herein.

    1.5. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.6. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Action.

1.7. Final Disposition: either (1) dismissal of all claims and defenses in the Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, whichever is later.

1.8. Party: any party to the Action, including all of its officers, directors, employees, or agents, in their respective capacity therein.

1.9. Producing Party: a Party that produces Disclosure or Discovery Material in the Action.

1.10. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.11. Protected Material: any Disclosure or Discovery Material that contains Confidential Information.

1.12. Receiving Counsel: Counsel for a Party who receives Disclosure or Discovery Material from a Producing Party.

2. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to Receiving Counsel or becomes part of the public domain after its disclosure to Receiving Counsel as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to Receiving Counsel prior to the disclosure or obtained by Receiving Counsel from a client or person who authorized Receiving Counsel's access to the materials or after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

Nothing herein shall be construed to limit, modify, or interfere in any way with: (a) the County's, its employees' or its officials' use, in the ordinary course of business, and as permitted by law outside of the Action, of documents and information defined as Protected Material in the Action that they legally have in their possession and which were not received through discovery in the Action or through releases or authorizations signed by Plaintiffs; (b) the disclosure obligations of the County under the New York Freedom of Information Law ("FOIL"), New York Public Officers Law Article 6, and related state law, regulations, and judicial decisions; (c) the interpretation, application, and implementation by the County, its public access officers, and state courts of FOIL and related state law, regulations, and judicial decisions; (d) the obligations of the County pursuant to subpoenas, court orders, or other compulsory process requiring production of discovery material or in connection with a criminal or administrative investigation by any government or governmental body, grand jury proceedings, or the trial or pretrial procedures and preparation of a criminal or administrative case; or (e) any Producing Party's use

of its own Protected Material.

3. DURATION

The obligations of confidentiality and non-disclosure imposed herein are continuing in nature and shall survive the final conclusion of the Action. Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

4. DESIGNATING CONFIDENTIAL MATERIAL

4.1 Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Protected Material must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" to each page that contains Protected Material in a manner that will not interfere with legibility or audibility.

(b) For testimony given in deposition or in other pretrial proceedings, the Producing Party shall either identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, information, or exhibits that are to be so designated; or send written notice to Receiving Counsel and the court reporter within fourteen (14) calendar days of service of the deposition or other transcript (or of notification by the court reporter that the transcript is available) designating those portions of the transcript to be so designated. Testimony shall be treated as "CONFIDENTIAL" material during this 14-day period.

(c) Counsel shall notify each other if they reasonably expect any portion of a deposition, hearing or other proceeding to include Protected Material so that opposing Counsel can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" that is annexed hereto as Exhibit A are present for the portions of those proceedings that include Protected Material. A file of each original signed "Acknowledgment and Agreement to Be Bound" that is annexed hereto as Exhibit A shall be maintained by Counsel for the party obtaining it. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

(d) For information produced in some form other than documentary form and for any other tangible items, the Producing Party shall affix the legend "CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the information or item is stored. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

4.2    Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material, provided that the Producing Party promptly serves a written notice upon Receiving Counsel after learning of the inadvertent failure to designate, along with a replacement copy of such Disclosure or Discovery Material marked with the appropriate designation. Upon receipt of such replacement copy, Receiving Counsel shall then take reasonable steps to destroy or return all unmarked or mismarked copies

of such Disclosure or Discovery Material within fourteen (14) calendar days and certify in writing to the Producing Party that it has done so.

5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 Timing of Challenges. Unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Any Party may move the Court for a modification of a designation or other relief from the terms of this Order at any time. Until and unless the Court has permitted a Producing Party's modification of a designation or other relief from the terms of this Order, all parties shall continue to afford the material in question protection under the Producing Party's designation.

The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery requests. The entry of this Order shall not be construed as a basis for permitting the discovery of Disclosure or Discovery Material that would not otherwise be discoverable but for the existence of this Order.

5.2 Meet and Confer. Receiving Counsel wishing to challenge a designation shall initiate the dispute resolution process by providing written notice of each designation he or she is challenging and describing the basis for each challenge to the Producing Party. Parties shall attempt to resolve each challenge in good faith. Receiving Counsel may proceed to the next stage of the challenge process only after this meet and confer has taken place, or establishes that the Producing Party is unwilling to participate in the meet and confer process in a timely manner.

5.3   Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, Receiving Counsel shall request an informal conference with the Court challenging confidentiality by letter-motion in accordance with the discovery order(s) and rules of this Court. All parties shall continue to afford the challenged material the level of protection designated by the Producing Party until the Court rules on the challenge.

6.   ACCESS TO AND USE OF PROTECTED MATERIAL

6.1   Basic Principles. Counsel and their Experts may access and use Protected Material that is disclosed or produced by a Party solely for the purpose of, or in investigation and preparation for, proceedings, hearings, depositions, motions, and trial in the Action, and not for any other purpose. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, Receiving Counsel must comply with the provisions of paragraph 9 below (FINAL DISPOSITION).

6.2   Acknowledgement and Agreement to Be Bound. Unless otherwise ordered by the court or permitted in writing by the Producing Party, Receiving Counsel may only disclose such material, including the information contained therein, to their Experts, provided that any such person executes the "Acknowledgment and Agreement to Be Bound" that is annexed hereto as Exhibit A prior to viewing Protected Material. Receiving Counsel must provide a copy of the signed "Acknowledgement and Agreement to be Bound" to the Producing Party prior to showing Protected Material to any Expert.

7.   FILING PROTECTED MATERIAL

No Party, Counsel or Expert may file in the public record in the Action any Protected Material without written permission from the Producing Party or a court order secured after

appropriate notice to all interested persons. In addition, no Protected Material shall be filed in the record of the Action or with the Court except as follows:

    (a)    If a Party uses Protected Material in a pleading, motion, or other submission filed with the Court, the Party using the Protected Material shall redact such Protected Material from the submission filed in the public file, or file a page that states "REDACTED" and is otherwise blank, but will provide an unredacted complete courtesy copy to the judge or magistrate judge herein with a request that the courtesy copy not be included in the public file.

    (b)    If a Party uses or elicits testimony concerning Protected Material in a deposition, that portion or portions of the deposition in which Protected Material is disclosed or discussed shall be designated and marked "CONFIDENTIAL" and constitute Protected Material such that they are separately subject to the provisions of this Stipulation and Order.

    (c)    If a Party intends to use or elicits testimony concerning Protected Material at trial or in open court on any other occasion in a manner that will disclose the Protected Material, the Party intending to so use Protected Material shall take all steps reasonably required to protect the material's confidentiality during such use.

8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If Receiving Counsel learns that, by inadvertence or otherwise, he or she has disclosed Protected Material to any person or in any circumstance not authorized under this Order, Receiving Counsel must immediately: (a) notify in writing the Producing Party of the unauthorized disclosures; (b) use his or her best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Upon receipt of a copy of this Order, and signature of the "Acknowledgment and Agreement to Be Bound," any such person shall be subject to its provisions.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED MATERIAL

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). No provision of this Order shall be deemed to create a waiver on the part of any Party as to inadvertently produced Protected Material on the basis of privilege, the work-product doctrine, or any other applicable privilege, and the inadvertent production of such documents does not waive any privilege or immunity, so long as, within a reasonable time after learning of the inadvertent disclosure, the Producing Party serves a request identifying the Protected Material and the privilege involved, and requesting the return or destruction of all copies of the inadvertently produced Protected Material. When a Producing Party gives notice to Receiving Counsel or another Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of Receiving Counsel or Party are those set forth in Fed. R. Civ. P. 26(b)(5)(B).

10. MISCELLANEOUS

10.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

10.2 Compliance with Court Orders. Nothing contained herein shall be deemed to restrict the Court's handling of Protected Material or to cause a Party, Counsel or Expert to be in breach of this Order when acting in compliance with an order or direction of the Court.

10.3 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order, and no Party waives any right to assert attorney-client communication, attorney work product, or any other privilege. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

10.4 <u>Redaction Requirements</u>. Nothing in this Order shall be construed to limit or eliminate the applicability of the redaction requirements set forth in Fed. R. Civ. P. 5.2.

10.5 <u>Other Confidentiality Requirements</u>. Nothing herein shall negate or obviate any requirement or obligation of confidentiality provided for by law independent of this Order.

11. FINAL DISPOSITION

Within 45 days after Final Disposition of the Action, as defined in paragraph 1.7, each Receiving Counsel must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material, unless such abstracts, compilations or summaries do not contain any personal identifying information. Whether the Protected Material is returned or destroyed, Receiving Counsel must submit a written certification to the Producing Party by the 45-day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that Receiving Counsel has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

correspondence, deposition and trial exhibits, attorney work product, and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in paragraph 3.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

Dated: April 27, 2020  
Goshen, New York

SUSSMAN & ASSOCIATES  
*Attorneys for Plaintiffs*

Michael H. Sussman, Esq. (3493)  
1 Railroad Ave, Suite 3  
P.O. Box 1005  
Goshen, New York 10924  
(845) 294-3991  
sussman1@frontiernet.net

Dated: April 24, 2020  
New City, New York

THOMAS E. HUMBACH  
County Attorney  
*Attorneys for Defendants*

Katarzyna M. Fine  
Principal Assistant County Attorney  
Rockland County Department of Law  
11 New Hempstead Road, 3rd Floor  
New City, New York 10956  
(845) 638-5108  
finek@co.rockland.ny.us

PURSUANT TO STIPULATION, IT IS **SO ORDERED**.

Dated: April 28, 2020  
White Plains, New York

Honorable Judith C. McCarthy  
United State Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
W.D., on behalf of his minor children, A. & J.; J.J., on behalf of her minor child, R.; L.V.G., on behalf of his four minor children; P.J. and M.O., on behalf of his minor child, A., D. and R.J., on behalf of their minor children, S. & O.; K.K., on behalf of her minor children M. & G.; L.K., on behalf of his minor child, L.; M.K. on behalf of his minor child, A.; V.L., on behalf of her two minor children; T. and M.M., on behalf of their minor children Y., N. & S.; K.M., on behalf of her minor children, R. & A.; J.O., on behalf of her minor child, T.; M.P., on behalf of his minor children, Tr., and Te.; L.P., on behalf of her minor child, M.; M.R., on behalf of her minor children R. & E.; J.R., on behalf of her minor child, C. and T.T., on behalf of his minor child, M.; Y.T., on behalf of her minor child, Y.,

                              Plaintiffs,

                              -against-

ROCKLAND COUNTY, DR. PATRICIA SCHNABLE RUPPERT, COMMISSIONER, ROCKLAND COUNTY DEPARTMENT OF HEALTH, and ED DAY, COUNTY EXECUTIVE, COUNTY OF ROCKLAND, both sued in their individual and official capacities,

                              Defendants.
-----------------------------------------------------------------X

Docket No.
19-cv-2066-JCM

ACKNOWLEDGEMENT
AND AGREEMENT
TO BE BOUND

      I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Order of Protection for Confidential and Privileged Material ("Order") that was issued by the United States District Court for the Southern District of New York on _____ [date] in the above-captioned action (the "Action"). I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

13

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order. I further agree, upon specific request or upon the completion of my involvement in the Action to return to the Producing Party any and all copies of Protected Material or attest in writing, under oath, that all Protected Material in my possession has been destroyed. If I am uncertain whether particular materials are subject to the terms of the Order, I will consider the terms applicable, unless and until counsel for the Parties advise otherwise.

I agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of the Action.

Dated: _____     Signature: _____

                                 Printed Name: _____

Witnessed by me this _____ day
of _____, 2020

_____
ATTORNEY OR NOTARY PUBLIC