## SUSSMAN & GOLDMAN
~Attorneys at Law~

---

1 Railroad Avenue, Suite 3, P.O. Box 1005, Goshen, New York 10924

| Michael H. Sussman<br>Jonathan R. Goldman<br>Eli D. Siems | (845) 294-3991 [Tel]<br>(845) 294-1623 [Fax]<br>info@sussman.law | Christopher D. Watkins<br>Mary Jo Whateley<br>*Of Counsel* |
|---|---|---|

Rasheed Hosein
*Paralegal*

Monica Ponce-Agredano
*Legal Assistant*

May 8, 2023

Hon. Judith C. McCarthy
Magistrate Judge
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re: **M.A. v. Rockland County, et al., 19 cv 2066 (JCM)**

Dear Judge McCarthy,

I represent plaintiffs in this matter and write in response to Ms. Feiden's letter to the court dated May 4, 2023.

Unfortunately, that letter grossly misstates my prior positions and addresses issues not relevant to concluding discovery and setting a trial date.

First, all parties agreed that defendants' counsel would conduct depositions regarding damages and only damages in late March. I produced each plaintiff for his/her deposition. When Ms. Feiden sought to inquire about matters unrelated to damages, I instructed the witnesses not to answer because the subject matter was beyond the permitted scope. I invited Mr. Feiden to then contact Your Honor to clarify this and she chose not to do so.

Second, I never "refused to allow [his] minor clients to be deposed." This issue was not raised until after the parents' depositions were completed and I then engaged in extensive dialogue about it with Ms. Feiden. As Ms. Feiden recounts, she ultimately agreed not to depose any "child witness" unless I intended to use him/her at trial.

On April 17, 2023, after this significant back and forth and conferral with my clients, I identified one "child witness" we intend to use at trial. That witness is SM. I then advised counsel, "We do not intend to use other children as trial witnesses." I understood the matter was resolved but for selecting a mutually convenient date for this deposition. At no time did I state that I intended to use children as witnesses and would not make any such child available so defendants' counsel could conduct a deposition of any so identified. I did advise, and counsel agreed, that if I did not intend to use children, she did not need to depose them and that is where we left the issue.

Third, this case has proceeded through discovery and depositions [but for those relating to damages which were not held because we agreed that they were not necessary to summary

1

judgment practice]. In making her motions for summary judgment, Ms. Feiden did not raise any "standing argument" or claim, as she now does, that the exemptions my clients obtained were for anything but religious grounds. Indeed, her clients excluded these children from school because, and only because, their parents had obtained religious exemptions. That some children also might have had medical issues is not relevant and has never been argued.

Ms. Feiden's lengthy letter seeks to re-argue her failed summary judgment motion and is inappropriate and untimely. She can reserve her merits argument for trial in this case to the extent they may then be relevant. Further discovery concerning whether my clients have sincerely held religious beliefs which predicated their obtaining religious exemptions has been waived and we should not be going backwards now. My clients received religious exemptions and the issue posed by the case is whether the defendants' actions trespassed their rights.

County defendants do not implement any program to determine whether each plaintiff held sincerely held religious beliefs before depriving their children of an education for four months. Their program proceeded with regard to those who had received religious exemptions and every plaintiff did and, therefore, the defendants excluded their children from school. There was no exception for parents who proved their religious beliefs were sincerely held. To now litigate about the bona fides of the obtained religious objection is not relevant and, in any event, discovery on any such issue has long since been waived.

Toward the end of her largely irrelevant letter, Ms. Feiden returns to the child witness issue, and I agree we need to set a date for that deposition. I will be prepared to do so at our conference.

Respectfully yours,

Michael H. Sussman

Cc: All counsel by ECF