UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
M.A., on behalf of his minor children, H.R. and
M., *et. al.*,

                       Plaintiffs,

    -against-

ROCKLAND COUNTY DEPARTMENT OF
HEALTH, *et. al.*,

                       Defendants.
---------------------------------------------------------------X

**ORDER**

19 Civ. 2066 (JCM)

On October 11, 2023, Defendants filed a letter requesting that the Court enter 64 stipulated facts over Plaintiffs' objection. (Docket No. 111). Defendants contend that these facts are the law of the case since they were included in the Court's prior Opinion and Order granting summary judgment for Defendants. (*Id.*; *see also* Docket No. 89). Plaintiffs opposed this request on October 12, 2023, arguing that: (1) the law of the case doctrine "does not apply to questions of fact;" (2) any prior factual determinations made by the Court are no longer controlling since the summary judgment Opinion and Order Defendants rely on was vacated and reversed by the Second Circuit; and (3) Defendants' recitation of facts "distort the record and are the subject of this litigation." (Docket No. 112).

The Second Circuit has held that, "[t]he law of the case doctrine is, at best, a discretionary doctrine which does not constitute a limitation on the court's power but merely expresses the general practice of refusing to reopen what has been decided." *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000) (internal quotation omitted). It "does not preclude a court from reconsidering its prior opinions, especially in light of an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice." *Scot. Air Int'l, Inc. v. Brit. Caledonian Grp., PLC.*, 152 F.R.D. 18, 24-25 (S.D.N.Y. 1993) (citations and internal quotations omitted). Generally, the doctrine has two applications: (1) where a trial court's decision has been reversed through appeal; and (2) where a trial court's decision has not been reversed through appeal, but the trial court wishes to amend its rulings anyway. *Id.* at 25. In the first scenario, the trial court is bound by the appellate court's decision, but "[w]here matters are not expressly or implicitly decided by the appellate court . . . the appellate court's decision does not establish the law of the case for those issues." *Id.*

Where, as here, the Court's "earlier statement was made in the context of a summary judgment motion, where it must resolve all ambiguities and draw all reasonable inferences in favor of the party defending against the motion . . . any statement made by the Court in [that] ruling should be interpreted only in the light of the limited purpose for which it was made, namely, to determine whether summary judgment was appropriate, and not for the purpose of finding facts or making legal conclusions on a full record disposing of the case on the merits." *Reefer & Gen. Shipping Co. v. Great White Fleet, Ltd.*, 93 CIV. 906 (SWK), 1995 WL 575290, at *5 (S.D.N.Y. Sept. 28, 1995) (citations and internal quotations omitted) (collecting cases); *see also Playboy Enterprises, Inc. v. Dumas*, 960 F. Supp. 710, 717 (S.D.N.Y. 1997) (holding that district court's findings, prior to appeal and remand, were not the law of the case where they were not necessary to resolve current issues before the court and substantial evidence now pointed to a different conclusion), *aff'd*, 159 F.3d 1347 (2d Cir. 1998).

Therefore, the law of the case doctrine does not apply since the factual findings in the Court's prior Opinion and Order, which was reversed on appeal, were made solely to resolve Defendants' motion for summary judgment. This is also in accordance with the well-settled

principle that a party cannot be forced to stipulate to disputed facts prior to trial. *See, e.g.*, Federal Trial Handbook: Civil § 34:1.

      Accordingly, Defendants' request that its proposed stipulations of fact be entered over Plaintiffs' objection is denied.

Dated:   October 26, 2023
          White Plains, New York

                                **SO ORDERED:**

                                *[signature: Judith C. McCarthy]*
                                JUDITH C. McCARTHY
                                United States Magistrate Judge