UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
W.D., on behalf of his minor children, A. & J.;
J.J., on behalf of her minor child, R.;
L.V.G., on behalf of his four minor children;
P.J. and M.O., on behalf of his minor child, A.,
K.K., on behalf of her minor children M. & G.;
L.K., on behalf of his minor child, L.;
M.K. on behalf of his minor child, A.;
V.L., on behalf of her two minor children A. & M.;
T. and M.M., on behalf of their minor children Y., N. & S.;
K.M. and W.M, on behalf of her minor children S., B., & L.
M.P., on behalf of his minor children, Tr. and Te.;
L.P., on behalf of her minor child, M.;
M.R., on behalf of her minor children R. & E.;
J.R., on behalf of her minor child, C.;
T.T., on behalf of his minor child, M.;
Y.T., on behalf of her minor child, Y.,

**ORDER**

19 Civ. 2066 (JCM)

Plaintiffs,

-against-

ROCKLAND COUNTY; DR. PATRICIA SCHNABEL
RUPPERT, COMMISSIONER, ROCKLAND COUNTY
DEPARTMENT OF HEALTH; ED DAY, COUNTY
EXECUTIVE, COUNTY OF ROCKLAND, both sued
in their individual and official capacities,

Defendants.
------------------------------------------------------------------X

At the January 19, 2024 Final Pretrial Conference, the Court requested briefing on whether the jury should be instructed that the sincerely held religious belief element of Plaintiffs' First Amendment Free Exercise claim has been satisfied. The parties filed letter briefs on the issue on January 22, 2024. (Docket Nos. 135, 136).

Plaintiffs urge the Court to instruct the jury that this element is "satisfied as to [P]laintiffs' Free Exercise claim" since: (1) the relevant school authorities have already "recognized" that "[P]laintiffs had sincerely held religious beliefs that prohibited them from

vaccinating their children;" (2) "[t]he fact that these beliefs provided [P]laintiffs with a recognized exemption from a vaccination requirement in one realm (school) does not mean that these same exact beliefs were any less religious or any less sincere" in other realms; and (3) "it would be inconsistent and confusing to the jury to disaggregate their claim by place of exclusion." (Docket No. 135 at 1-2). In contrast, Defendants argue that "[t]he fact that the school granted Plaintiffs the exemption is irrelevant in public places outside of school, as the repealed statute upon which Plaintiffs' cause of action is based only references the school setting." (Docket No. 136 at 1). Neither party cites to any caselaw in support of their position.

The Second Circuit has long recognized that the State's Commissioner of Health has the authority to delegate to school officials the power to determine whether a student has demonstrated a sincerely held religious belief warranting exemption from vaccination requirements. *See Friedman v. Clarkstown Cent. Sch. Dist.*, 75 F. App'x 815, 819 (2d Cir. 2003). In *Friedman,* the Second Circuit held that "the Commissioner clearly has a rational basis for allowing individual school districts the autonomy to determine how to implement the regulations in light of the varying populations that live within different districts and the consequential variations in local health concerns." *Id.* This is based on settled Supreme Court precedent that "a state may . . . delegate to a municipality authority to determine under what conditions health regulations shall become operative and that the municipality may vest in its officials broad discretion in matters affecting the application and enforcement of health law." *Doe v. Zucker*, 520 F. Supp. 3d 217, 257 (N.D.N.Y. 2021) (quoting *Zucht v. King*, 260 U.S. 174, 176 (1922)), aff'd sub nom. *Goe v. Zucker*, 43 F.4th 19 (2d Cir. 2022).

Here, it is undisputed that school officials granted Plaintiffs exemptions from New York's mandatory vaccination requirements because they demonstrated sincerely held religious

beliefs against immunization.  N.Y. Public Health Law § 2164(2) requires that "[e]very person in a parental relation to a child in [New York] shall have administered to such child an adequate dose or doses of an immunizing agent against . . . measles."  However, in 2018 the regulation implementing this statute allowed for religious exemptions from this requirement, and delegated authority to grant such exemptions to schools.  See N.Y. Comp. Codes R. & Regs. tit. 10, § 66-1.3 (2018).  Nothing in the statute or regulation limits its reach only to schools.  Moreover, it would be confusing to instruct the jury that Plaintiffs have established sincerely held religious beliefs for schools, but that they must nevertheless determine if Plaintiffs also had sincerely held religious beliefs that extended outside the school's four walls.  In sum, the school's decision to grant Plaintiffs religious exemptions under § 66-1.3 is enough to satisfy the sincerely held belief requirement of their First Amendment Free Exercise claim.  In addition, since Defendants did not challenge these exemptions when they were issued, they may not do so now.

Accordingly, the Court will instruct the jury that Plaintiffs have established the sincerely held religious belief requirement of their First Amendment Free Exercise claim.[1]

Dated:  January 30, 2024
        White Plains, New York

SO ORDERED:

*signature*

JUDITH C. McCARTHY
United States Magistrate Judge

---

[1] Nothing in this Order shall be construed to limit or modify the Court's prior Bench Order on Defendants' motion *in limine*.  Defendants may still "raise the sincerity of Plaintiffs' religious beliefs in the context of whether Plaintiffs suffered damages from the Exclusion Order and Emergency Declaration by impinging on their ability to practice their religion." (January 19, 2024 Minute Entry; Docket No. 133).